IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY E. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2067-CM |
| | ) |
| ANDREW BOUSE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the court on the motion of defendant Trooper Andrew Bouse to stay discovery and pretrial proceedings (ECF No. 35) until the presiding U.S. District Judge, Carlos Murguia, enters a ruling on his pending motion to dismiss (ECF No. 25). The remaining defendants, Stop Stick, Ltd. and StopTech, Ltd. (the "Stop Stick defendants"), do not oppose a stay of discovery related to the parties, but request that limited discovery go forward as to non-party Kansas Highway Patrol ("KHP"). Plaintiff, Amy Alexander, opposes the requested stay. For the reasons stated below, the court finds good cause to grant the motion to stay.

Plaintiff has sued Trouper Bouse and the Stop Stick defendants for injuries she suffered when a vehicle driven by a non-party collided with her car after it ran over stop sticks placed on the roadway by Trouper Bouse. Plaintiff brings a claim under 42 U.S.C. § 1983 against Trouper Bouse, as well as state-law claims against all defendants. Plaintiff

alleges the court has original federal-question jurisdiction over the § 1983 claim and supplemental jurisdiction over the state-law claims.[1]

In his motion to dismiss, Trouper Bouse asserts he is protected from suit on the § 1983 claim by both sovereign immunity and qualified immunity, and in any event, that plaintiff's amended complaint fails to state a claim under § 1983. If the court dismisses this federal claim, Trouper Bouse urges the court not to exercise supplemental jurisdiction over the state-law claim asserted against him.[2] Should the court reach the merits of the state-law claim, however, Trouper Bouse argues plaintiff has failed to state a claim and that he is immune from suit under state law.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[3] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity

---

[1] ECF No. 3 at 3.

[2] The Stop Stick defendants state that if the court grants Trouper Bouse's motion to dismiss, the likely result would be "the termination of the case, in its entirety, before this Court–given there would no longer be federal-questions presented. Thus, there would no longer be subject matter jurisdiction." ECF No. 37 at 2 n.2.

[3] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

from suit.[4]  The decision whether to stay discovery rests in the sound discretion of the district court.[5]  As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and Trooper Bouse's pending motion to dismiss.  The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until Judge Murguia resolves the motion to dismiss.  As noted, Trouper Bouse asserted the defenses of absolute sovereign immunity and qualified immunity in his motion to dismiss.  Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6]  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[7]  The Supreme Court

---

[4]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[5]*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[6]*Siegert*, 500 U.S. at 232–33.

[7]*Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

has made clear that until the threshold question of immunity is resolved, discovery should not be allowed.[8]

In addition, the court finds that a short stay of all discovery makes the most practical sense in this instance. Although plaintiff suggests discovery should move forward on her state-law claims, the common nucleus of facts underlying all her claims makes bifurcating discovery impractical and potentially prejudicial to Trooper Bouse.[9] Should Judge Murguia grant Trooper Bouse's motion to dismiss the § 1983 claim, there is a likelihood that the court will decline to retain supplemental jurisdiction over plaintiff's state-law claims.

The Stop Stick defendants have requested that, notwithstanding the stay, they be permitted to issue Fed. R. Civ. P. 45 subpoenas to the KHP for its investigative records of the event at issue.[10] Neither plaintiff nor Trooper Bouse opposed this request, and the court sees no harm in the issuance of such subpoenas. This request is granted. The Stop Stick defendants also ask the court to order Trooper Bouse and his counsel to preserve information relevant to the KHP's investigation into this matter. The court declines to issue such a specific preservation order, but has no doubt, as Trooper Bouse notes, that "Trooper Bouse,

---

[8] *Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

[9] *See Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592 (D. Kan. Nov. 21, 2013); *Howse v. Atkinson*, No. 04-2351-GTV-DJW, 2005 WL 994572 (D. Kan. April 27, 2005).

[10] ECF No. 37.

as a party to this litigation, and the Kansas Highway Patrol, as a former party and the employer of Trooper Bouse, are well aware of the duty to preserve evidence in ongoing litigation."[11]  Finally, the court denies the Stop Stick defendants' unsupported request to "order that the KHP materials are considered in the control of Trooper Bouse."[12]

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. The motion of Trooper Bouse to stay discovery and pretrial proceedings (ECF No. 35) is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.  The scheduling conference set for September 25, 2017, is cancelled.

3. Should the case survive the pending motion to dismiss, counsel shall confer and submit a Rule 26(f) planning-meeting report to the undersigned's chambers within 14 days of the ruling on the motion.  A new scheduling conference will be set at that time.

4. During the pendency of the stay, the Stop Stick defendants are given leave to issue Rule 45 subpoenas to the KHP.

IT IS SO ORDERED.

Dated August 8, 2017, at Kansas City, Kansas.

---

[11]ECF No. 39 at 3.

[12]ECF No. 37 at 2.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge